UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL D. WARWICK,<br><br>                    Plaintiff,<br><br>          -against-<br><br>SCOTT SCHULTZ; REINA MARTIN; STEVE BAYNE,<br><br>                    Defendants. | 23-CV-5242 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Painted Post, Schuyler County, New York, brings this *pro se* action under the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York State Human Rights Law ("NYSHRL"), alleging that his former employer discriminated against him on the basis of his disability and age. Plaintiff was employed by eCornell, which he alleges is located in Ithaca, Tompkins County, New York. Named as Defendants are eCornell creative department managers Scott Schultz, Reina Martin, and Steve Bayne. Plaintiff provides a residential address for Schultz in Tomkins County, a residential address for Martin in Tioga County, and a residential address for Bayne in Chemung County. For the following reasons, the Court transfers this action under 28 U.S.C. § 1404 to the United States District Court for the Northern District of New York.

**DISCUSSION**

Plaintiff's claims under Title I of the ADA and the Rehabilitation Act may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within

>any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (venue provision for claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII")); *see* 42 U.S.C. § 12117 (incorporating by reference, Title VII's venue provision for claims brought under Title I of the ADA); 29 U.S.C. § 794a(a)(1) (same as to Rehabilitation Act).

Under this venue provision, this court and every other federal district court within the State of New York, are proper venues for Plaintiff's ADA and Rehabilitation Act claims, based on Plaintiff's allegations that his employer is located in Tompkins County and therefore: (1) the allegedly discriminatory conduct occurred in the State of New York, likely in Tompkins County; (2) his employment records are located in Tompkins County; and (3) Plaintiff would have worked in Tompkins County but for the alleged discrimination.

Claims brought under the ADEA are governed by the general venue statute, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enters.*, LLC, No. 15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (noting that "[n]otwithstanding the [ADEA'S] reference to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies" to ADEA claims). Plaintiff's NYSHRL claims are also governed by Section 1391.

Under Section 1391(b), a federal civil action may be brought in:

>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Plaintiff alleges that Schultz resides in Tompkins County, Martin resides in Tioga County, and Bayne resides in Chemung County. Although he does not name eCornell as a defendant, he alleges that it is located in Tompkins County.[1] Tompkins County and Tioga County are located within the Northern District of New York. *See* 28 U.S.C. § 112(a). Chemung County is located in the Western District of New York. *See* 28 U.S.C. § 112(d). Venue for Plaintiff's ADEA and NYSHRL claims under Section 1391(b)(1) is therefore proper in both the Northern District of New York and the Western District of New York.

Because Plaintiff alleges that his employer discriminated against him, the events giving rise to his claims likely occurred at his employer's office, which is located in Tompkins County. Venue under Section 1391(b)(2) therefore appears proper in the Northern District of New York. Plaintiff alleges no facts suggesting that venue is proper in this District.[2]

---

[1] Claims brought under Title I of the ADA must be brought against "an employer, employment agency, labor organization, or joint labor-management committee." *See* 42 U.S.C. §§ 12111-12117. Claims brought under the Rehabilitation Act may only be brought against an entity – such as an employer – that receives federal financial assistance. *See* 29 U.S.C. § 794. Individuals are not subject to liability under the ADA or the Rehabilitation Act. *See Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) (affirming dismissal of Rehabilitation Act claims brought against individuals); *O'Hara v. Bd. of Coop. Educ. Servs., S. Westchester*, No. 18-CV-8502, 2020 WL 1244474, at *11 (S.D.N.Y. Mar. 16, 2020) (Title I of the ADA) (citing cases). Rather, claims under both federal statutes must be brought against the employer.

[2] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

For the reasons discussed above, venue for Plaintiff's ADA and Rehabilitation Act claims is proper in all federal judicial districts in New York, including this District, the Northern District of New York, and the Western District of New York. Venue for Plaintiff's ADEA and NYSHRL claims, however, is proper only in the Northern District of New York and the Western District of New York. Thus, although venue for Plaintiff's ADA and Rehabilitation Act claims is proper here, venue for all claims asserted in this action is proper in the Northern District of New York and the Western District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer to the Northern District of New York appears to be appropriate in this case. The underlying events occurred in the Northern District of New York,

which is where Plaintiff's employer is located and where two of the named individual defendants reside. It is likely that relevant documents and other sources of evidence, including witnesses, are located in the Northern District of New York. Moreover, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here, and the complaint does not allege any nexus to this District. *Iragorri*, 274 F.3d at 72.

The Northern District of New York is a proper venue for all of Plaintiff's claims. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 27, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge