UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DANIEL D. WARWICK,

                           Plaintiff,

v.                                                    3:23-CV-0811

                                                        (MAD/ML)

SCOTT SCHULTZ, eCornell Creative
Department Manager; REINA MARTIN,
eCornell Creative Department Manager;
and STEVE BAYNE, eCornell Creative
Department Manager,

                           Defendants.

_____

APPEARANCES:                                             OF COUNSEL:

DANIEL D. WARWICK
  *Pro Se* Plaintiff
1230 Sexton Hollow Road
Painted Post, New York 14870

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

### I. BACKGROUND

Plaintiff Daniel D. Warwick ("Plaintiff"), who is proceeding *pro se*, has commenced this action against Scott Schultz, Reina Martin, and Steve Bayne (collectively "Defendants"). (Dkt. No. 1.) Despite ample notice of the requirement that he pay the statutory filing fee, he has failed to do so. For the reasons set forth below, I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed.

### II. INTRODUCTION

Plaintiff commenced this civil rights action *pro se* on June 20, 2023, in the District Court for the Southern District of New York asserting claims against Defendants. (Dkt. No. 1.) On

June 27, 2023, United States Chief District Judge Laura Swain transferred this action to the District Court for the Northern District of New York. (Dkt. No. 4.)

On September 20, 2023, the undersigned issued a Decision and Order that denied Plaintiff's *in forma pauperis* ("IFP") application and directed Plaintiff to, within thirty-days, pay the statutory filing fee. (Dkt. No. 6.) On October 27, 2023, the undersigned issued a text order noting that Plaintiff had failed to comply with the order that he pay the filing fee within thirty days, but noting that the docket was unclear whether Plaintiff was served with a copy of the Decision and Order. (Dkt. No. 7.) The undersigned directed the Clerk to mail Plaintiff a copy of the Decision and Order (Dkt. No. 6) and granted Plaintiff until November 27, 2023, to pay the filing fee. (Dkt. No. 7.)

On November 15, 2023, Plaintiff filed a motion to extend the time to pay the filing fee. (Dkt. No. 8.) On November 16, 2023, the undersigned extended the deadline for Plaintiff to pay the filing fee until January 5, 2024. (Dkt. No. 9.) On January 12, 2024, the undersigned *sua sponte* extended the deadline for Plaintiff to pay the filing fee until February 12, 2024. (Dkt. No. 10.) On February 15, 2024, the undersigned again *sua sponte* granted Plaintiff an extension of time until March 15, 2024, to pay the filing fee. (Dkt. No. 11.)

Plaintiff has taken no further action in this case and to date, has not paid the filing fee. (*See generally* docket sheet.)

**III.   DISCUSSION**

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $405, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.

28 U.S.C. § 1915(a)(1).[1] Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

In this instance, Plaintiff's IFP application indicated that he has sufficient assets to pay the fees. (Dkt. No. 2.) Having failed to comply with this Court's orders dated September 20, 2023, October 27, 2023, November 16, 2023, January 12, 2024, and February 15, 2024, I now recommend that Plaintiff's Complaint be dismissed for failure to pay the required filing fee.[2] *See, e.g., Walker v. Vill. Ct.*, 17-CV-0390, 2017 WL 4220415, at *2 (N.D.N.Y. Aug. 4, 2017) (Peebles, M.J.) (citing *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013)) (recommending dismissal of the plaintiff's complaint where he failed to either pay the required filing fee or demonstrate that he qualifies for leave to proceed without prepayment of fees), *report and recommendation adopted by*, 2017 WL 4221069 (N.D.N.Y. Sept. 20, 2017) (Hurd, J.).

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is further

---

[1]  The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]  In addition, the undersigned notes that the last correspondence the Court received from Plaintiff was on November 15, 2023, approximately seven months ago. (Dkt. No. 8.) The Local Rules state that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In the alternative, the Court may dismiss Plaintiff's Complaint based on his failure to prosecute pursuant to Fed. R. Civ. P. 41.

**ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.³

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.⁴  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: June 14, 2024
 Binghamton, New York

*/s/ Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

³   The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

⁴   If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Case 3:23-cv-00811-MAD-ML    Document 12    Filed 06/14/24    Page 5 of 7

Walker v. Village Court, Not Reported in Fed. Supp. (2017)

2017 WL 4220415
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Alfred Marion WALKER, Plaintiff,
v.
VILLAGE COURT, et al., Defendants.

Civil Action No. 3:17-CV-0390 (DNH/DEP)
|
Signed 08/04/2017

**Attorneys and Law Firms**

ALFRED MARION WALKER, c/o 60 Saratoga Avenue, Apartment 114, Binghamton, NY 13901, Pro se.

REPORT AND RECOMMENDATION

[David E. Peebles](#), U.S. Magistrate Judge

*\*1* Plaintiff Alfred Marion Walker, who is proceeding *pro se*, has commenced this action against the State of New York and various agencies and individuals associated with Broome County and/or the City of Endicott, New York. Despite ample notice of the requirement that he either pay a statutory filing fee or submit a properly supported application for leave to proceed *in forma pauperis*, he has failed to do either. Accordingly, I recommend that plaintiff's complaint be dismissed.

I. BACKGROUND
Plaintiff commenced this action on April 6, 2017. Dkt. No. 1. Plaintiff's complaint names the State of New York and sixteen other defendants of varying descriptions as defendants, and sets forth five enumerated causes of action for trespass or "trespass on the case." *See generally id.* Upon receiving plaintiff's complaint, District Judge David N. Hurd issued an order on April 11, 2017, directing administrative closure of the case in light of plaintiff's failure to pay the requisite statutory filing fee or file an application to proceed in the action *in forma pauperis* ("IFP"). Dkt. No. 3.

Plaintiff thereafter submitted to the court a document entitled "Writ Re: Amended Action And Application for In forma pauperis" and "Writ of Error Qua Corum Nobis Residant." Dkt. No. 4. That document, as well as plaintiff's complaint, were referred to me for review. Based upon that review, I issued an order on May 10, 2017, denying plaintiff's IFP application, without prejudice, and requiring plaintiff to either pay the statutory filing fee of $400.00 or submit a proper application for leave to proceed without prepayment of fees on or before June 2, 2107. Dkt. No. 6. Despite the passage of that deadline, plaintiff has taken no further action in this case.

II. DISCUSSION
Upon commencement of an action in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. [28 U.S.C. § 1914(a)](#). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. [28 U.S.C. § 1915(a)(1)](#). [1]

Notwithstanding the reference in the document's title to "Application for In Forma pauperis," plaintiff's most recent submission fails to contain any information concerning his financial status. *See generally* Dkt. No. 4. Instead, plaintiff insists that courts lack the authority to require payment of filing fees for court access, citing [*Crandall v. State of Nevada*, 73 U.S. 35 (1867)](#). *Id.* at 2. That case, however, does not so hold, and Congress has specifically authorized district courts to require payment of filing fees in order to commence actions. *See* [28 U.S.C. § 1914(a)](#) ("The clerk of each district court *shall require* the parties instituting any civil action ... to pay a filing fee[.]" (emphasis added)). As was noted above, district courts do retain the discretion, upon a proper showing, to excuse the payment of the filing fee and grant IFP status to a plaintiff. [28 U.S.C. § 1915(a)(1)](#); *see* [*Fridman*, 195 F. Supp. 2d at 536 & n.1](#). In this instance, however, due to plaintiff's failure to provide any information concerning his finances, the court is unable to make any meaningful assessment of his financial status and determine whether he qualifies for leave to proceed without prepayment of fees.

*\*2* Having failed to comply with this court's May 10, 2017 order, I now recommend that plaintiff's complaint be dismissed for failure to pay the required filing fee or to obtain leave to proceed IFP. *See, e.g.,* [*Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013)](#).

III. SUMMARY AND RECOMMENDATION
Despite being placed on notice of the court's requirements, plaintiff has failed to either pay the required filing fee in this case or to demonstrate that he qualifies for leave to proceed without prepayment of fees. Accordingly, it is hereby

Walker v. Village Court, Not Reported in Fed. Supp. (2017)

Case 3:23-cv-00811-MAD-ML   Document 12   Filed 06/14/24   Page 6 of 7

RECOMMENDED that plaintiff's complaint in this action be DISMISSED without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4220415

---

**Footnotes**

1    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

2    If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Walker v. Court, Not Reported in Fed. Supp. (2017)

Case 3:23-cv-00811-MAD-ML   Document 12   Filed 06/14/24   Page 7 of 7

2017 WL 4221069
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Alfred Marion WALKER, Plaintiff,
v.
Village COURT; the State of New York; Village of Endicott; Endicott Police Department; Officer Dunham, Badge # 470; Officer J Wanka, Badge # 478; Captain Collins; Judge Alfonso Ortega; David Stokes; Karen Micalizzi Tautero; C.O. Zachary Moor; Sgt Bixby, C.O.; C.O. Rick Borchardt; C.O. Dennis Rowd; C.O. Sean Bell; Broome County Jail; and Broome County, Defendants.

3:17-CV-390 (DNH/DEP)
|
Signed 09/20/2017

**Attorneys and Law Firms**

ALFRED MARION WALKER, c/o 60 Saratoga Avenue, Apartment 114, Binghamton, NY 13901, Plaintiff pro se.

### DECISION and ORDER

DAVID N. HURD, United States District Judge

**\*1** Pro se plaintiff Alfred Marion Walker brought this action against various state and local agencies and employees. On August 4, 2017, the Honorable David E. Peebles, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's complaint be dismissed for failing to pay either a statutory filing fee or submit a properly supported application for leave to proceed in forma pauperis, despite multiple opportunities to do so and advisement of same. No objections to the Report-Recommendation have been filed.

Based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. This action is DISMISSED without prejudice; and

2. The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4221069

---

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.